**Electronically Filed
Supreme Court
SCPW-26-0000169
30-MAR-2026
11:39 AM
Dkt. 12 ODDP**

SCPW-26-0000169

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

MEGAN E. BRYAN,
Petitioner,

vs.

CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAIʻI;
FAMILY COURT OF THE FIRST CIRCUIT, STATE OF HAWAIʻI,
Respondents.

---

ORIGINAL PROCEEDING
(CASE NO. 1UF201006070)

ORDER DENYING PETITION
(By: McKenna, Acting C.J., Eddins, Ginoza, and Devens, JJ.,
and Circuit Judge Morikawa, assigned by reason of vacancy)

On March 9, 2026, Petitioner Megan E. Bryan filed a "Verified Petition for Writ of Mandamus & Emergency Motion for Stay of April 1, 2026 Hearing."

For the reasons set forth below, the court denies the petition without prejudice to Petitioner seeking relief from the Family Court. The court also cautions Petitioner that she must comply with Rule 11 of the Hawaiʻi Family Court Rules (eff.

2022), which requires a party to provide the court with accurate representations in all submissions.

Rule 11 of the Hawaiʻi Family Court Rules (HFCR) provides, in pertinent part:

> **The signature of** an attorney or **party constitutes a certificate by the signer** that the signer has read the pleading, motion, or other document; **that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law** or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.  If a pleading, motion, or other document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.  **If a pleading, motion, or other document is signed in violation of this Rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction,** which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other document, including a reasonable attorney's fee.

HFCR Rule 11 (emphases added).

The Hawaiʻi Family Court Rules are adopted under the Hawaiʻi Rules of Appellate Procedure (HRAP) whenever applicable.  HRAP Rule 2.1(a) (eff. 2010).  Because Petitioner seeks a writ of mandamus arising from a Family Court matter, see HRAP Rule 21 (eff. 2010), HFCR Rule 11 governs the filings she has submitted to this court.

Here, Petitioner's submissions contained multiple inaccurate case citations and failed to explain the factual basis for several assertions.  For example, Petitioner cited

2

"State v. Burdett" as a 1981 opinion in Volume 63 of West's Hawai'i Reports at page 357. Petitioner relied on this citation to argue that under Hawai'i Revised Statutes (HRS) § 576B-205 (2018), the Family Court lacks jurisdiction to enforce a child support order because her child is now an adult. Petitioner's citation to Burdett is incorrect. The actual case appearing at that citation is State v. Masaniai, 63 Haw. 354, 357, 628 P.2d 1018, 1021 (1981), a case which does not address family court jurisdictional issues.

Petitioner's argument under HRS § 576B-205 is likewise without merit, as the statute contains no language terminating jurisdiction in the manner asserted. The petition included four additional inaccurate citations, none of which supported the propositions for which they were cited.

The petition's reliance on non-existent or hallucinated case citations strongly suggests that portions of the filing were generated using artificial intelligence (AI).

HFCR Rule 11 requires a party to conduct a "reasonable inquiry" to ensure that a filing is "warranted by existing law." HFCR Rule 11. When a party submits a filing that contains citations to non-existent cases, this conduct on its own constitutes a violation of HFCR Rule 11. The fake case citation makes clear that the party failed to conduct a reasonable inquiry into the validity of the legal authorities cited. This

3

is because a check of the citation would have revealed that the case did not exist.

To satisfy Rule 11's duty of a "reasonable inquiry," Petitioner was required to verify that each citation was accurate and that the cited authority supports the proposition asserted. Notably, free on-site access to legal research databases is available at the Hawaiʻi State Law Library. Reliance solely on AI-generated content to produce a case filing is inadequate because such content provides no assurance that the citations produced by it are valid or correctly described.

Including fabricated citations not only violates HFCR Rule 11 but also undermines the integrity of the court by introducing false material into a process grounded in truth, verified facts, and actual legal precedent. Such conduct wastes the opposing party's time and resources in investigating and exposing the inaccuracies, diverting attention from the merits of the case. It also wastes judicial resources by requiring judges and court staff to verify citations and address misconduct, thereby reducing the time available to address other matters.

Petitioner is advised that any future failure to comply with HFCR Rule 11 may result in sanctions, including an award of reasonable attorney fees incurred by the opposing party in responding to filings containing inaccurate or unsupported citations.

4

Based on the record, Petitioner has not demonstrated a clear and indisputable right to relief.  See Womble Bond Dickinson (US) LLP v. Kim, 153 Hawai'i 307, 319, 537 P.3d 1154, 1166 (2023).  The petition is denied without prejudice to Petitioner seeking relief from the Family Court.  A copy of this order shall be filed by the clerk in 1UF201006070.

DATED:  Honolulu, Hawai'i, March 30, 2026.

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens

/s/ Trish K. Morikawa